**ALASKA CENTRAL EXPRESS INC., Plaintiff,**

and

Evergreen International Airlines, Inc., Plaintiff—Appellant,

v.

United States of America, Defendant—Appellee.

Alaska Central Express Inc., Plaintiff—Appellant,

and

Evergreen International Airlines Inc, Plaintiff,

v.

United States of America, Defendant—Appellee,

Northern Air Cargo, Inc.; et al., Defendant–Intervenors— Appellees.

Nos. 03–35902, 03–35996.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted July 13, 2005.

Decided Aug. 15, 2005.

**212**

Michael M. Berger, Esq., Berger & Norton, Los Angeles, CA, for Plaintiff.

Michael R. Mills, Esq., Bankston, Gronning, O'Hara, Sedor, Mills, Givens & Heaphey, Robert K. Stewart, Jr., Davis Wright Termaine LLP, Anchorage, AK, for Plaintiff–Appellant.

Lewis Yelin, U.S. Department of Justice Civil Division/Appellate Staff, Washington, DC, for Defendant–Appellee.

David H. Bundy, Esq., Anchorage, AK, for Defendant–Intervenor–Appellee.

Before: GOODWIN, BRUNETTI, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Plaintiffs Evergreen International Airlines, Inc. and Alaska Central Express, Inc. challenge the constitutionality of the Rural Service Improvement Act of 2002 ("the Act"), which amended 39 U.S.C. § 5402, the statute governing the eligibility of air carriers to transport mail within Alaska. *See* 2002 Supplemental Appropriations Act for Further Recovery From and Response to Terrorist Attacks on the United States, Pub.L. No. 107–206, § 3002, 116 Stat. 820, 910 (2002). Specifically, they argue that definitions embodied within the Act unconstitutionally preclude them from carrying mainline nonpriority bypass mail in Alaska. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ We will uphold "a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights ... against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Fed. Communications Comm'n v. Beach Communications,* 508 U.S. 307, 313, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993). The explanations set forth by Congress, the government, and the district court are sufficient to provide a rational basis for the Act. Even so, if the classification is "malicious, irrational or plainly arbitrary" it will not withstand rational basis review. *See Lockary v. Kayfetz,* 917 F.2d 1150, 1155 (9th Cir.1990). Plaintiffs have not convinced us that the classifications within the Act fall into this category.

■ For the reasons set forth by the district court, the Act is not an unconstitutional bill of attainder. Most importantly, the Act does not inflict punishment because it furthers a nonpunitive legislative purpose. *See SeaRiver Maritime Financial Holdings, Inc. v. Mineta,* 309 F.3d 662, 673 (9th Cir.2002).

■ Nor does the Act violate the plaintiffs' right to due process. It does not

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

impermissibly delegate legislative power to private mail carriers because those carriers cannot unilaterally withhold consent or fashion standards for eligibility. *See Washington ex rel. Seattle Times Trust Co. v. Roberge,* 278 U.S. 116, 121–122, 49 S.Ct. 50, 73 L.Ed. 210 (1928) (reaching the opposite conclusion). As stated by the district court, it is reasonable to tie eligibility requirements to the performance of existing carriers.

Plaintiffs' vagueness challenge also fails. They have not shown that "the enactment is impermissibly vague in all of its applications." *See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 494–495, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982).

AFFIRMED.